UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL JONES,

        Plaintiff,

                                        CASE NO. 12-CV-14119
v.                                   HONORABLE GEORGE CARAM STEEH

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____/

**OPINION AND ORDER ACCEPTING REPORT AND RECOMMENDATION (Doc. 14), OVERRULING PLAINTIFF'S OBJECTIONS (Doc. 15), DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. 9), AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. 12)**

I.    **INTRODUCTION**

This matter is before the court on the parties' cross-motions for summary judgment as to plaintiff Daniel Jones' claim for judicial review of a final decision of defendant Commissioner denying his application for Supplemental Security Income ("SSI") under the Social Security Act, 42 U.S.C. § 405(g). The matter was referred to Magistrate Judge Whalen who issued a report and recommendation on June 10, 2013, recommending that Jones' motion be denied and the Commissioner's motion be granted. Jones timely filed objections to that report which this court has duly considered. For the reasons stated below, Jones' objections are overruled and the court shall accept Magistrate Judge Whalen's report.

**II. PROCEDURAL AND FACTUAL HISTORY**

On October 14, 2009, Jones filed an application for SSI benefits alleging a disability as of July 31, 2009, which he later amended to an onset date to the date of filing, October 14, 2009. On March 16, 2011, a hearing was held before an Administrative Law Judge ("ALJ"). Jones, who was represented by counsel, testified on his own behalf, as did vocational expert ("VE") Glee Ann Kehr. Prior to the onset of his alleged disability, Jones worked as a forklift operator and truck driver. Jones alleged that he was disabled based on back pain and fractured ribs. At the hearing, the VE testified that Jones could not perform his past work but could perform light unskilled jobs of counter clerk, office helper, and information clerk. Likewise, the ALJ ruled that Jones could not perform his past work as a truck driver or forklift operator, but he could make a successful adjustment to working as a counter clerk, office helper, or information clerk. In reaching his conclusion that Jones was not disabled, the ALJ found that Jones' testimony was inconsistent and was not credible where Jones attended community college, took ballroom or aerobic-type dance classes, and took public transportation to school. The ALJ also rejected the treating physician's opinions for the same reasons, and also found that the treating physician's opinions were unreliable as the physician had submitted two reports, less than a month apart, which contradicted each other and were inconsistent with other objective medical reports, and the later filed report suggested that Jones had suffered a sudden decline in his health which was unexplained and contradicted by the opposite evidence from the University Pain Clinic.

On May 6, 2011, the ALJ determined that Jones was not disabled, the Appeals Council denied review, and Jones filed in this court for judicial review of the administrative decision on September 17, 2011. Both sides have filed motions for summary judgment. On June 10, 2013, Magistrate Judge Whalen issued his report and recommendation that the Commissioner's motion for summary judgment should be granted and Jones' motion for summary judgment should be denied. Now before the court are Jones' objections to that report. In his objections, Jones argues that the ALJ improperly ruled that Jones' testimony was not credible, did not give due deference to the opinions of his treating physicians, and failed to incorporate many of his alleged physical restrictions into the hypothetical posed to the VE. For the reasons stated below, Jones' objections lack merit.

## III. ANALYSIS

The standard of review to be employed by the court when examining a report and recommendation is set forth in 28 U.S.C. § 636. This court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." Id.

A district court may affirm, modify, or reverse the Commissioner's decision, with or without remand. See 42 U.S.C. § 405(g). Findings of fact by the Commissioner are conclusive if supported by substantial evidence. Id. The court must affirm the decision if it is "based on [an appropriate] legal standard and is supported by substantial evidence in the record as a whole." Studaway v. Sec'y of Health and Human Servs., 815 F. 2d 1074,

1076 (6th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971).

Once an ALJ determines that a claimant does not possess the Residual Functional Capacity ("RFC") to perform his or her past relevant work, the burden shifts to the Commissioner "to show that plaintiff possesses the capacity to perform other substantial gainful activity that exists in the national economy." Varley v. Sec'y of Health and Human Servs., 820 F. 2d 777, 779 (6th Cir. 1987). The Commissioner may rely on a vocational expert's testimony in response to a hypothetical question to meet this burden. Id. "In order for a vocational expert's testimony in response to a hypothetical question to serve as substantial evidence in support of the conclusion that a claimant can perform other work, the question must accurately portray a claimant's physical and mental impairments." Ealy v. Comm'r of Soc. Sec., 594 F.3d 504, 516 (6th Cir. 2010).

**A.     Jones' Credibility**

Jones argues that the ALJ mischaracterized his activities in finding that his testimony was not credible. The ALJ ruled that Jones' testimony regarding his alleged disability was not credible when considered in light of the fact that Jones took public transportation to school, attended community college, and took a dance class. Jones now argues that he only attended community college part-time, and the dance class was really an aerobics class not of the "ballroom" type described by the ALJ. Whatever the exact nature of the exercise class in question, the ALJ did not err in considering Jones' activities in ruling on his credibility. Certainly, Jones' ability to participate in an exercise class

undermines his testimony that he suffers from severe pain and significant problems with ambulation. Likewise, the fact that Jones only attends community college three days a week for approximately three hours a day does not mean that activity is irrelevant in weighing his claims that he cannot work.

In ruling that Jones' allegations were not credible, the ALJ noted inconsistencies between Jones' testimony and the reports of three doctors that Jones is able to occasionally climb stairs, balance, stoop, kneel, crouch, and crawl. The ALJ also found it significant that one doctor noted Jones brought extensive paperwork from his lawyers to the appointment. The ALJ was well within his discretion in considering the academic and sports activities of Jones in deciding on his credibility. As Magistrate Judge Whalen properly explained, it is "for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 247 (6th Cir. 2007). Moreover, "an ALJ's credibility determination about the claimant are to be given great weight, 'particularly since the ALJ is charged with observing the claimant's demeanor and credibility.'" Cruse v. Comm'r of Soc. Sec., 502 F.3d 532, 542 (6th Cir. 2007) (quoting Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 531 (6th Cir. 1997)). Accordingly, Jones' objection to Magistrate Judge Whalen's recommendation that the ALJ's credibility determination should not be disturbed shall be rejected.

**B.     Treating Physician's Opinions**

Jones further argues that the ALJ improperly rejected his treating physician's opinion that he is disabled. The ALJ rejected Jones' treating physician's opinion because his reports of February 10, 2011 and the one completed on March 11, 2011 were inconsistent with each other, and were contradicted by other evidence in the record, including Jones'

activities and the opposite evidence from the University Pain Clinic. For the reasons discussed above, the ALJ did not err in considering Jones' activities in rejecting the treating physician's opinions about Jones' alleged disability. As to the inconsistencies between the February and March, 2011 reports, the court finds that the ALJ was within his discretion in finding that they were inconsistent, and thus, unreliable. As Magistrate Judge Whalen explained in his well-developed report and recommendation, the two reports were inconsistent in many respects, including, inter alia, the following discrepancies: (1) the March report indicated that Jones needed a cane to walk, but the February report did not, (2) the March report indicated that Jones could lift as much as ten pounds only occasionally while the February report indicated that he could do so frequently, (3) the March report indicated that Jones could walk only half a block or one block at the most, while the February report stated that he could do so for a total of two hours in an eight hour day, and (4) the March report indicated that Jones was likely to be absent more than four days per month, while the February report indicated that Jones would miss two to three days per month.

The ALJ was well within his discretion in considering these inconsistencies in determining the weight to be given to the treating physician's opinions, especially when considered in light of the contradictory records from the University Pain Clinic. Jones argues that the ALJ misconstrued the records from the Pain Clinic because those records did not conclusively determine that the procedures performed there had actually alleviated his pain, but only stated that Jones had "tolerated" the procedures well. Semantics aside, it is reasonable to conclude that the Pain Clinic's records, in fact, showed that Jones had a favorable response to the procedures. Even if the Pain Clinic's records are not

-6-

considered, however, the ALJ properly discounted the treating physician's opinions when they were contradictory and belied by Jones' daily activities which were inconsistent with claims of severe pain which allegedly prevented him from working.

**C.     Hypothetical Question Posed to the VE**

Finally, Jones argues that the hypothetical question posed to the VE was inadequate because it failed to include all of his alleged physical restrictions. Magistrate Judge Whalen found that the question posed was adequate, because the alleged evidence of disability that Jones alleges the VE should have considered in the hypothetical question, was not supported by the record. Jones correctly cites the Sixth Circuit's ruling that where VE testimony is used as substantive evidence to prove "the existence of a substantial number of jobs that plaintiff can perform, other than his past work, the testimony must be given in response to a hypothetical question that accurately describes the plaintiff in all significant, relevant respects." Felisky v. Bowen, 35 F.3d 1027, 1036 (6th Cir. 1994). While Jones is correct that the hypothetical question must accurately describe the plaintiff, he has failed to show that the hypothetical question given to the VE in this case did not do so. For the reasons discussed above, the ALJ properly excluded the unreliable testimony of Jones' treating physician and thus, there was no error in not presenting all of the alleged limitations set forth in his conflicting opinions to the VE.

**IV.     CONCLUSION**

For the reasons set forth above, Jones' objections hereby are OVERRULED. Consistent with the analysis herein, the court hereby ACCEPTS Magistrate Judge Whalen's report and recommendation dated June 21, 2013 (Doc. 15), GRANTS Commissioner's

motion for summary judgment (Doc. 12), DENIES Jones' motion for summary judgment (Doc. 9), and DISMISSES Jones' complaint WITH PREJUDICE.

**IT IS SO ORDERED**.

Dated:  July 16, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 16, 2013, by electronic and/or ordinary mail.

s/Lisa Wagner
Deputy Clerk